CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RJW

JUN 03 2011

JULIA C. DUDLEY, CLERK
BY: H McDonaOc
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID C. CARTER,<br>    Plaintiff, | Civil Action No. 7:11-cv-00236 |
| v. | **MEMORANDUM OPINION** |
| SCOTT WEST, et al.,<br>    Defendants. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

David C. Carter, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Scott West, a medical officer at the Martinsville City Jail ("Jail"), and Bill Crary, a Jail correctional officer. Plaintiff alleges that the defendants violated due process and caused cruel and unusual punishment, in violation of the Fourteenth and Eighth Amendments, respectively. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts in his verified complaint. On February 10, 2011, defendant West refused to allow plaintiff to draw his own insulin dosage. Instead, West gave plaintiff a syringe that should have had plaintiff's dosage. However, the syringe actually had the correct dosage for another inmate. Because West gave plaintiff the wrong dosage, plaintiff's blood level dropped, and he was sent to an emergency room. Defendant Crary refused to give plaintiff grievance forms so plaintiff could request a bottom-bunk assignment and a special diet for his medical condition.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate

failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Inmates do not have a constitutionally protected right to a grievance procedure. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Accordingly, an official's failure to comply with the Jail's grievance procedure is not actionable under § 1983. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Therefore, plaintiff fails to state a claim about the grievance forms, and I dismiss this claim without prejudice.

A plaintiff must show that a defendant acted with deliberate indifference to a serious medical need in order to state a claim under the Eighth Amendment for insufficient medical assistance. Estelle v. Gamble, 429 U.S. 97, 104 (1976). However, plaintiff fails to establish West's deliberate indifference to plaintiff's diabetes treatment; plaintiff merely alleges that West mixed up one inmate's insulin dosage for his dosage. Claims of medical malpractice and negligence are not cognizable in a § 1983 proceeding. See Sosebee v. Murphy, 797 F.2d 179, 181 (4th Cir. 1986). Therefore, plaintiff fails to state an Eighth Amendment claim against West, and I dismiss this claim without prejudice.

III.

For the foregoing reasons, I dismiss the complaint without prejudice for failing to state a

claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to plaintiff.

**ENTER**: This 3rd day of June, 2011.

/s/ Jackson L. Kiser
Senior United States District Judge